### 14576. FULGHUM v. DWIGHT.

Liability as surety was not shown as to the defendant Dwight, and the court did not err in sustaining his general demurrer and dismissing the action, upon the ground that it appeared from the face of the pleadings that he would not be bound as surety on the note sued on.

DECIDED JULY 10, 1923. REHEARING DENIED JULY 27, 1923.

Complaint; from city court of Oglethorpe — Judge Greer. March 27, 1923.

Sweetwine Meadows, according to the allegations of the petition, was indebted to J. D. Fulghum on a promissory note, which he could not pay; T. H. Dwight requested Fulghum to renew the note, and Fulghum agreed to renew it if Dwight would assume it in writing and become responsible for its payment at maturity, and on September 23, 1919, Meadows gave to Fulghum a note for $288.45 with a mortgage on an automobile, and at the same time the following written agreement was entered into with Fulghum: " I, Sweetwine Meadows, of Macon County, Georgia, do agree as follows: Whereas Mr. Tom Dwight [T. H. Dwight] has asked J. D. Fulghum . . to renew a note of $288.45 to which Mr. Dwight is to receive all the proceeds for my share of 1920 crop until this note is paid in full. Whereas this note is to be paid as soon as Mr. Dwight has received the expense account of making the crop before any other account is considered. This note shall take the same course as a crop expense account through Mr. Dwight. Signed: S. W. Meadows." Endorsed thereon is the following: " As soon as the above is delivered to me I au-

tomatically become responsible to J. D. Fulghum for the above. Signed: T. H. Dwight." The petition alleges, that during the year 1920 Meadows worked as a cropper for Dwight and made and turned over to him 21 bales of cotton of the value of $2100; that the expense of making the crop amounted to $1140, leaving a balance above expenses on the cotton alone of $960; that under the agreement of Dwight he was to pay the note of $288.45 with interest as soon as he received enough of the crop of Meadows to pay expenses of making the crop and to pay the amount of the note, and that he received more than $500 from Meadows in excess of the expense of making the crop. The petition as amended alleges that Meadows as principal and Dwight as surety are indebted to Fulghum, the plaintiff, in the sum of $288.45, besides interest, on the promissory note mentioned, a copy of which is attached to the petition, and the plaintiff prays for a general judgment against the defendants for the $288.45 and interest, and a special judgment against the automobile mentioned. Cited by counsel for plaintiff: Park's Code, §§ 3538, 3541, 3556; 123 *Ga.* 272; 116 *Ga.* 762; 11 *Ga. App.* 174; 12 *Ga. App.* 41, 43; 17 *Ga. App.* 648.

*Gilbert C. Robinson,* for plaintiff. *Jule Felton,* for defendant.

BROYLES, C. J. The petition as amended showed that suit was brought on a certain promissory note executed by S. W. Meadows, and on a certain written agreement signed by T. H. Dwight. Meadows was sued as principal, and Dwight as surety. The court sustained a general demurrer interposed by Dwight to the petition, and dismissed the case as to him, upon the ground that it appeared from the face of the pleadings that he would not be bound as surety on the note sued upon, and the plaintiff excepted.

Under the particular facts of the case, as shown by the amended petition, the judgment excepted to was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*